**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| NEW ORLEANS CATERING, INC. AND TERRY SISTRUNK | * * * | CIVIL ACTION NO. |
| VERSUS | * * | SECTION " " |
| LATOYA CANTRELL, IN HER OFFICIAL CAPACITY AS MAYOR OF THE CITY OF NEW ORLEANS | * * * * * * * | JUDGE MAGISTRATE |

**COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes New Orleans Catering, Inc. ("NOC"), and Terry Sistrunk ("Sistrunk") as the owner of New Orleans Catering, LLC, who file this Complaint against Latoya Cantrell in her official capacity as Mayor of the City of New Orleans ("Mayor Cantrell" or "Mayor")  For their complaint, NOC and Sistrunk state as follows:

**PARTIES**

1.

NOC is a Louisiana corporation with its principal place of business domiciled in Jefferson Parish Louisiana at 1608 Justin Road, Metairie, Louisiana 70001, and Terry Sistrunk, a resident of St Tammany Parish, is the owner of said business.

2.

Mayor Cantrell is the current serving elected Mayor of New Orleans, Louisiana, and is sued in her official capacity as Mayor. At all times herein, Mayor Cantrell was acting in her

1

official capacity and under the color of state and local law. NOC's claims herein are related to the Mayor's issuance and enforcement of executive orders called Mayoral Proclamations that unlawfully targeted NOC's private business and property and treated it differently than other similar businesses. Plaintiffs specifically challenge The Mayor's Guidelines for Covid-19 Reopening Phase 3 (3.2) (October 15, 2020) (See Exhibit A) as it relates to the 50-person limit on all "gatherings" with no consideration of the capacity of the venue or other factors.

## JURISDICTION AND VENUE

3.

The Court has subject matter jurisdiction pursuant to 28 U.S.C.A. 1331, 1343, 2201, 202, and 42 USC 1983 and 1988. This suit arises from Mayor Cantrell's actions, acting under the color of law, which deprived NOCs of fundamental rights secured by the Constitution and laws of the United States and Louisiana. This Court has supplemental jurisdiction over all state law claims pursuant to 28 US C 1367.

## SUMMARY

NOC a locally owned prominent off-premise event catering business that has operated since 1981 and employs nearly 50 people (full and part-time). Its existence is now in peril due to the arbitrary exercise of Mayor Cantrell's executive proclamations/emergency orders related to the virus known as Covid19. Mayor Cantrell's proclamations unlawfully target Plaintiff's section of the business community without any rational basis for doing so and violate the limits of her emergency powers. The threatened enforcement of Mayor Cantrell's executive orders violates substantive and procedural due process, equal protection, and the takings clauses of the Constitutions of both the United States and of the State of Louisiana. NOC seeks declaratory and

injunctive relief but also asks for damages caused by the unlawful deprivation of constitutional rights, or in the alternative for the unlawful taking of NOC's property.

5.

Although Governor John Bel Edwards own Emergency Executive Orders made under The Louisiana Emergency Powers Act (La Rev Stat 29:766(A)) have put significant limitations on the number of patrons who can attend special events NOC caters due to Covid-19, the Governor has thus far done so in compliance with the Center for Disease Control's (CDC) recommendations and White House guidelines following the data and science. (and even with that, the Louisiana Legislature has just passed a bill that apparently recalls all of the Governor's Covid-19 restrictions on businesses as going beyond his Emergency Powers)

6.

Without any rational basis or reason, Mayor Cantrell has refused to adopt the Governor's restrictions (again based on CDC and White House guidelines, data, and science). Instead, Mayor Cantrell has imposed her own much stricter emergency orders that put Plaintiff (and other similarly situated event planning, hosting, and catering firms) out of business or, at the very least, under severe financial distress.

7.

NOC's business, catering large upscale private events such as weddings, celebrations, benefits, and corporate events, mostly in Orleans parish, was entirely shut down in March due to Covid-19 restrictions by the State and City. Beginning in June, the State began a phased re-opening process of private businesses. Since April, Mayor Cantrell has watched what the Governor has done. Then, shortly after that, promulgated her own - always more restrictive- similar 3 phase emergency rules regardless of the decline in local Covid cases. Even though the

State has been in Phase 3 since September 11, 2020, and would allow NOC to host events with a capacity of up to 250 people or 50% of stated Fire Marshall occupancy levels (whichever is less) in the large event sites it uses, the Mayor Cantrell's current proclamation (ironically called Phase 3.2, which is in fact much more restrictive than the State's Phase 3.0). The Mayor's restriction on indoor event capacity (50) under her Phase 3.2 currently in place is 400% more restrictive than the State's Phase 3.0. Mayor Cantrell will not allow more than 50 people to gather, at catered events in New Orleans, REGARDLESS of the capacity of the venue or ability of the planner to adopt safety protocols proven to be effective. Other similar businesses are allowed to have much higher occupancy at their place of business, mostly based on the percentage of fire Marshall approved occupancy levels and/or higher numbers of people under roof. For example, a retail store is allowed 75% of fire Marshall occupancy, libraries, and office buildings are at 75%; restaurants are at 75%, salons are at 75%, Museums, Zoos and Aquariums at 75%, Houses of Worship, Conference Venues, and Movie Theaters at 50% or 500 persons whichever is less, Fitness Centers and Community Centers at 50%, Concert Halls are at 50% occupancy or 250 persons, (whichever is less), casinos are at 25%. Mayor Cantrell's office gave the Superdome a negotiated number of 3,000-person capacity for the home game between the Saints and Carolina Panthers on Sunday, October 25, 2020. The Mayor's severe restrictions as applied to Plaintiffs' are arbitrary and excessive and conflict with the Governor's restrictions. Mayor Cantrell is clearly making this up as she goes.

8.

The Governor's current restrictions for events (if it is still valid based on what the Louisiana legislature just passed in the special session) allow private events up to 250 people provided they do not exceed 50% of the capacity of the event venue size. Although incredibly

challenging, that restriction is rational given the pandemic and is enough to allow NOC to survive. However, Mayor Cantrell's current cap of only 50 people at gatherings, regardless of any venue's capacity, effectively will put NOC and all other similarly situated major event businesses out of business soon. Attached is a side by side analysis that illustrates the chronology and of the State and Mayor Cantrell's emergency orders as it relates to private event/gathering restrictions on the number of customers allowed (See Exhibit B). They show the Governor's Phase 3 increase to 250 (if the capacity allows it at 50 percent) and also Mayor Cantrell's refusal to exceed 50 people even as the Phases changed and the Covid infections trended down considerably in New Orleans (half of the rest of the State's average rate).

9.

Although Mayor Cantrell's drastic measures might have been justified in the early days of the pandemic when little was known of the virus, there now exists an abundance of data and other reliable evidence regarding geographic and demographic rates of infection, transmission, hospitalizations, mortality, as well as, improved medical treatments. All of these show her current 50-person limit on NOC is an example of government overreach. Additionally, and just as importantly, the public has now been educated about appropriate countermeasures to take in public to combat the virus, including appropriate social distancing, wearing masks, and hand washing. Likewise, businesses have learned to alter their physical environments to accommodate this practice (separation of tables, hand sanitizer, masks for employees, safe customer interactions, touchless payments, safe food serving practices, temperature readings). The city should no longer be allowed to rely on media hype or politically motivated commentary, or the city's receipt of Cares Act money, as a basis to impose overly broad and frankly draconian restrictions that trample fundamentally protected rights and damage the local economy. In a press

conference last month, Mayor Cantrell herself stated that she would not allow fans back into the Superdome for Saint's games until the State released more Cares Act funds to the city. That can not be the standard to impinged on fundamental rights, and if the Mayor is continued to allow to do so, the city may face worse problems.

**FACTUAL BACKGROUND**

10.

In March, the World Health Organization declared a global pandemic in response to the spread of Covid-19. Governor Edwards immediately declared a state-wide public health emergency under the Louisiana Health Emergencies Power Act, La RS 29:227 (Proclamation 25 JBE 2020)

11.

This was followed by 33 JBE 2020, commonly known as his "stay at home order." This order directed people of Louisiana to stay in their homes unless taking essential trips to and from work. They even ordered some nonessential businesses to be closed and placed limitations on other businesses' net worth to remain open with specific guidelines. The order closed pool halls, concerts and musical venues, adult entertainment venues, and other event-related businesses. The reasons stated were that the virus's extraordinary threat would put a strain on our healthcare system and that healthcare providers and facilities would be overwhelmed. However, there was little evidence regarding the scope and limit of people attending events or gatherings. Since that time, the Governor has relaxed his restrictions and moved Louisiana, with a few setbacks, into 3 phase system of economic recovery. The State is now in Phase 3. (and has been since the second week of September). New Orleans has copied this model and then enhanced the restrictions. Despite calling its current restrictions Phase 3.2, they are MORE restrictive than the State's

Phase 2.0, even though Covid cases and deaths in New Orleans are about half of the rest of the State's averages.

12.

The city's arbitrary limit of 50 people for events/gatherings without any relation to the venue's size or capacity deprives NOC of fundamental rights protected by the US and Louisiana Constitutions. Mayor Cantrell's capacity restriction of 50 people is arbitrary, without sound reasoning, and no scientific data or are the reliable evidence demonstrates the public is more at risk of contracting Covid while at a private event in a large venue than at other businesses, including similarly situated businesses, such as restaurants, churches, casinos or Saints games. (where the Mayor has just seemingly also arbitrarily allowed 3000 to attend that event at the last home game) There were NO reported cases at any of Plaintiff's events or Plaintiffs employees. Nevertheless, the Mayor has allowed far more customers to attend all those other businesses. (E.g. She set a 500-person limit on capacity at churches yet restricts catered private events to 50). There is no real or substantial relation between attending a catered event's operation and increased hospitalizations due to Covid-19. Moreover, science and resources (such as that available from the Governor's team, the CDC, and the White House), all of which are available to Mayor Cantrell, offer other reasonable ways to achieve the goal of slowing the spread of Covid without a categorical hard limit of 50 people to all catered events regardless of the size of the venue or precautions taken by the planner. There is no real substantial relation between the 50-person limits at all events and the increase of hospitalizations or deaths associated with Covid. The 50-person limit's threatened enforcement deprives NOC of its fundamental rights under the law and will continue to do so and less enjoined. NOC seeks declaratory, injunctive relief to prevent further deprivation.

## COUNT 1: DENIAL OF SUBSTANTIVE DUE PROCESS

13.

NOC adopts the allegation set forth above.

14.

The due process clause of the fifth amendment (1791) to the US Constitution states that no person shall be deprived of life, liberty, or property without due process. The due process clause of the 14th amendment (1868) states that no state shall deprive any person of life, liberty, or property without due process of law. Fundamental rights to individual liberty include the right to pursue a lawful occupation without undue government influence. Profits are a property right.

15.

Although a state or city may take any emergency measures that impinge on these fundamental constitutional rights when faced with an epidemic, these emergency police powers are not plenary. They may not stay in place when no longer necessary. They must be tied to logic.

16.

Mayor Cantrell's hard cap of only 50 people at catered events, regardless of the venue's size and capacity, and regardless of precautions in place, is arbitrary and without sound reasoning, and not supported by scientific data or other reliable evidence. It also drastically conflicts with Governor Edward's well thought out restrictions. No evidence demonstrates that the public is substantially more susceptible to contracting Covid if more than 50 people attend an event in a large venue that can accommodate them if precautions are taken. If it did, the CDC and White House guidelines, and The Governor, would not allow it. It makes even less sense to impose drastically more harsh restrictions on catered events in New Orleans when the Covid

rates are half the State's average. Mayor Cantrell's restrictions are at complete odds with the Governor's restrictions. They make no sense.

17.

There is also no real or substantial difference between a plaintiffs' special event's operations and that of a restaurant (which can operate with no caps based on the percentage of capacity), church services (same, up to 500 people), or Saint's game. (Which now can have 3000 in attendance) Mayor Cantrell is treating all these similarly situated events differently and NOC's business unfairly. Mayor Cantrell's overreaching exercise of her police powers since March will be putting NOC (and many other local companies) out of business for no justifiable reason. She is entitled to deference but not plenary deference, especially when it involves destroying longstanding local businesses in our great city.

18.

Science data and the law provide Mayor Cantrell other reasonable ways to slow the spread of Covid 19 other than putting caterers and event venues out of business by limiting their events to 50 people. (a limit by which Plaintiff can not make a profit). Mayor Cantrell has the Governor, the CDC, and the White House to assist her. Yet, her practice has been to wait for The Governor's announced updated relaxed Covid restrictions and then add her own enhanced restrictions; in the case of private event limits, her increase is 400% more restrictive than the Governor (despite New Orleans have half the infection/hospitalization/death rate of the rest of the State) The 50 person cap for events with no relation to the venue's size deprives NOC of its fundamental rights under the law and will continue to do so unless enjoined. It can only be viewed as arbitrary and capricious. Under her logic, a venue as big as The Convention Center could host the same 50 people as the local VFW hall.

19.

Plaintiffs seek declaratory and injunctive relief to protect further deprivation of their rights.

## COUNT 2: DENIAL OF PROCEDURAL DUE PROCESS

20.

Plaintiffs adopt all the allegations made above.

21.

The Fifth and Fourteenth amendments to the US Constitution guarantee the Plaintiffs a right to procedural due process.

22.

Plaintiffs were not provided any notice and opportunity to be heard before being condemned to suffer under Mayor Cantrell's 50-person cap on private events, effectively putting NOC out of business soon if not corrected.

23.

The enforcement of the 50 person caps for private events deprives Plaintiffs of procedural due process and will continue to do so unless enjoined.

24.

The plaintiffs seek declaratory and injunctive relief to prevent further deprivation of their rights.

## COUNT 3: VIOLATION OF EQUAL PROTECTION

25.

Plaintiffs adopt all the allegations made above.

26.

The equal protection clause of the Fourteenth Amendment to the U.S. Constitution prohibits states from denying any person "the equal protection of the laws."

27.

Mayor Cantrell's 50 person limit on events regardless of the size of the venue or precautions taken deprives NOC and other event businesses of their right to equal protection by singling out their lawful business activities and subjecting them to targeted enforcement without any rational or evidence-based reason for such different treatment than other businesses. Mayor Cantrell has not explained why her limit of 50 people (400% percent more restrictive than the Governor's limit of 250) is rational or reasonable, especially in a city with half the rate of Covid infections as the rest of Louisiana.

28.

Allowing similarity situated industries (restaurants, churches, casinos, professional football teams) and other businesses with patrons to remain open and profitable with much more hundreds to thousands of customers based on a percentage of capacity while categorically targeting regular event companies with a mere 50 person limit is a facial deprivation of equal protection and a palpable invasion of the rights secured by our fundamental laws.

29.

The enforcement of this 50-person limit the deprives NOC of its rights to equal protection, and NOC seeks declaratory relief to prevent further deprivation.

30.

The plaintiffs also seek damages caused by Mayor Cantrell's unlawful actions.

## **COUNT 4: TAKINGS CLAUSE**

31.

Plaintiffs adopt the allegations above.

32.

The Fourteenth Amendment of the US Constitution provides it no state shall deprive any person of life, liberty, or property without due process of law.

33.

The Fifth Amendment to the U.S. Constitution prohibits the taking of private property for public use without just compensation.

34.

Mayor Cantrell, acting under the color of law, has effectively taken NOC's business without just compensation.

35.

Mayor Cantrell's 50-person limit on private events is a taking for the public purpose under the guise that the government must do all that is reasonable and necessary to protect its citizens' health and safety.

36.

Such uncompensated seizures of private property violate the U.S. Constitution's takings clause, made applicable to the State through the Fourteenth amendment. Mayor Cantrell's proclamation and emergency orders are pure government overreach, and are arbitrary, abusive and have denied NOC all economically beneficial and productive use of his business.

37.

NOC seeks individual awards for all damages caused by Mayor Cantrell's unlawful actions.

## COUNT 5. DUE PROCESS AND EQUAL PROTECTION - LOUISIANA

38.

NOC adopts the allegations made above.

39.

Article 1 of the Louisiana Constitution provides that no person shall be deprived of his life, liberty, or property except by the due process of law.

40.

Louisiana respects the lawful ownership of businesses as a fundamental right. Every citizen of Louisiana has the right to acquire a control use enjoyed project and dispose of private property.

41.

Mayor Cantrell has deprived NOC of its State law rights to due process and equal protection guaranteed by the Louisiana constitution.

## COUNT 6: TAKINGS LOUISIANA

42.

NOC adopts the allegations made above.

43.

The Louisiana Constitution states that property shall not be taken or damaged by the State or his political subdivisions except for purposes and with just compensation paid to the owner.

44.

The emergency restrictions issued by Mayor Cantrell were entered under the authority of her emergency powers. They have had the effect of closing NOC's business since March. Although NOC could probably survive with the Governor's Phase 3 restrictions following CDC and White House guidelines, Mayor Cantrell's overly restrictive and burdensome orders make re-opening its business profitably impossible. If Mayor Cantrell's 50-person event cap is not lifted soon, NOC will be forced into bankruptcy or closure and have to their longstanding employees.

45.

This amounts to a city-sponsored private property commandeering by executive order by Mayor Cantrell and constitutes a statutory taking under Louisiana law.

46.

The plaintiffs seek damages caused by Mayor Cantrell's unlawful actions.

**COUNT 7: DECLARATORY JUDGMENT AND
REQUEST FOR EXPEDITED CONSIDERATION**

47.

Plaintiffs adopt the allegations made above.

48.

This Court may declare the rights of any interested parties seeking such a declaration whether or not the relief is or could be sought.

49.

Any such declaration shall have the force of a final judgment.

50.

Plaintiffs are interested parties and seek a declaration of their rights under the US Constitution and Louisiana Constitution regarding whether Mayor Cantrell's cap of 50 people on private events has deprived NOC of fundamental rights.

51.

Specifically, Plaintiffs seek a declaratory judgment that Mayor Cantrell's exercise of its emergency policy power in limiting all events/gatherings to 50 people regardless of the size of the venue or safety measures still in place at this time violates fundamental rights guaranteed by the US and Louisiana Constitutions.

52.

Federal Rule of Civil Procedure 57 states that a court may order a speedy hearing of a declaratory judgment action. Thus, expedited consideration is requested given the nature of the ongoing Constitutional violations, putting NOC and hundreds of other related local businesses out of business soon.

## COUNT 8. INJUNCTIVE RELIVE AND REQUEST FOR EXPEDITED CONSIDERATION

53.

Plaintiffs adopt their allegations made above

54.

The Court has authority under Fed. R. Civ. P 65 to issue temporary restarting orders and preliminary injunctions.

55.

Plaintiffs seek a temporary restraining order preventing Mayor Cantrell from enforcing her 50-person cap Covid restriction against events, as Mayor Cantrell has targeted this section of the industry, which is a violation of the Fifth and Fourteenth Amendments to the Constitution. NOC will file a separate pleading amplifying why this relief is merited at the time.

56.

Under Federal Rule of Civil Procedure 65(b), this Court may issue an *ex parte* temporary restraining order if the facts in a verified complaint clearly show the immediate and irreparable injury loss or damage resulting from NOC.

57.

The deprivation of a constitutionally protected right constitutes irreparable harm. The violation of constitutional rights for even a minimal period of time constitutes an irreparable injury justifying the grant of an injunction.

58.

The 50-person hard limit, regardless of size or precautions are taken, will continue to cause Plaintiffs irreparable injury.

59.

The granting of a temporary restraining order will not disservice the public interest, as the public has no interest in arbitrary and unlawful government action.

60.

Without injunctive relief, NOC's business, and others similarly situated, I will surely fail and further damage the already battered New Orleans economy.

61.

The plaintiffs seek expedited consideration for a preliminary and permanent injunction.

62.

Plaintiffs are prepared to prove that they can show a substantial likelihood of success on the merits, that it will suffer irreparable injury if the injunctive relief is not granted, that the threatened injury outweighs the threatened harm to the city, and the injunction will not disserve the public interest. While the Mayor's intentions may be pure, and Covid is certainly a serious public health issue, her emergency powers as they target Plaintiffs deviate significantly from the Governor's and encroach on guaranteed Constitutional rights with no rational basis for doing so.

**WHEREFORE**, Plaintiffs, New Orleans Catering, Inc., and Terry Sistrunk respectfully pray for the following relief:

That after service and citation, Defendant, Latoya Cantrell in her official capacity as Mayor of the City of New Orleans, be required to appear and answer;

That after all new proceedings are there be a judgment rendered against Defendant, Latoya Cantrell in her official capacity as Mayor of the City of New Orleans, and in favor of New Orleans Catering, Inc., and Terry Sistrunk, declaring the Mayor Cantrell's emergency order limit of 50 people at gatherings, regardless of the size of the venue, be deemed unlawful as applied to New Orleans Catering, Inc. and against Mayor Cantrell from enforcing the 50 person limit as to plaintiffs, and :

Awarding damages as warranted;

Awarding attorney fees and costs as per 42 U.S.C. 1988;

Granting injunctive relief; and

All other relief that may be allowed under law and equity.

Respectfully submitted,
**SCANDURRO & LAYRISSON, L.L.C.**

/s/ JEAN-PAUL LAYRISSON
JEAN-PAUL LAYRISSON, Bar #20917
TIMOTHY D. SCANDURRO, Bar #18424
STEPHEN O. SCANDURRO, Bar #20362
KRISTA M. ELEEW, Bar #34320
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
Facsimile: (504) 529-6199
tim@scanlayr.com; jean-paul@scanlayr.com
steve@scanlayr.com; krista@scanlayr.com
*Counsel for New Orleans Catering, Inc.*
*and Terry Sistrunk*