UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS CATERING, INC., ET AL.            CIVIL ACTION

v.            NO. 20-3020

LATOYA CANTRELL in her official            SECTION "F"
capacity as MAYOR OF THE CITY
OF NEW ORLEANS

### ORDER

Before the Court is the plaintiffs' amended motion for preliminary and permanent injunctive relief seeking to enjoin Mayor Cantrell from enforcing (against plaintiffs only) the City's 100-person limit on indoor events; a restriction contained in a Public Health Advisory issued pursuant to the most recent Mayoral Proclamation of a State of Emergency Due to COVID-19, City of New Orleans Health Department Guidelines for COVID-19 Reopening Phase Three.  The hearing on the motion shall be continued to December 16, 2020, at 1:30 p.m., unless otherwise ordered.

On November 6, 2020, the Court denied the plaintiffs' request for a temporary restraining order, set a deadline for the Mayor to respond, and set a hearing date to consider the merits of the plaintiffs' request for preliminary and permanent injunctive

1

relief.  Meanwhile, the Mayor issued the City of New Orleans Health Department Guidelines for COVID-19 Reopening Phase Three (3.3) on November 9, 2020, effective as of 6:00 a.m. on November 11, 2020.[1]  In response, the plaintiffs amended their complaint to target the new, more permissive, but still objectionable, 100-person limit on indoor events; the plaintiffs also amended their motion seeking injunctive relief.  The Mayor filed timely opposition papers and the plaintiffs timely replied in further support of their motion seeking injunctive relief.

There are presently no facts in the record indicating a need for an evidentiary hearing; entitling the plaintiffs to relief on the merits of their claims on the papers submitted; or otherwise indicating that the plaintiffs' claims must be heard and resolved on the expedited schedule originally set.  Neither the complaint nor amended complaint are verified; not a single affidavit has

---

[1] This latest Public Health Advisory/Guidance was issued on November 9, 2020 and directed to mitigating the spread of COVID-19, foremost by liming interactions among people.  According to the "Phase 3.3" "guidance":

> As of November 9, 2020, the City of New Orleans continues to meet all public health milestones for continuing to move into the third stage of Phase Three (3.3).  Phase Three in New Orleans will prioritize increasing capacity for activities that are proven to have relatively low risk of outbreak or community spread, activities that are outdoors, and timed, seated events.

been submitted in support of demonstrating standing[2] or the merits of the claims for injunctive relief, nor in support of the Mayor's defense that the City's approach "follows established guidance."[3] Presently, the only facts of record are the challenged emergency proclamation and related public health guidance as well as unauthenticated charts or statistics concerning the pandemic or pandemic response.[4]

With no facts in the record to crystallize the otherwise academic debate among the parties, the Court finds that a hearing

---

[2] In the plaintiffs' reply, they simply conclude: "Plaintiffs have standing. Plaintiffs seek relief for injury to their reputations, property rights, and profits due to infringement of their rights under the Federal and State Constitutions."

[3] Singularly relying on argument by counsel, both sides offer little more than an abstract debate over the challenged restriction.

[4] Data that continues to fluctuate: local media reports that Louisiana's coronavirus cases are "surg[ing]" indicating "that the state is starting a third major outbreak as infections are hitting record levels nationwide." See Jeff Adelson, *Weekend Case, Hospitalization Numbers Show Continued Rapid Spread of Coronavirus in Louisiana*, The Advocate-New Orleans (Nov. 15, 2020), available at https://www.nola.com/news/coronavirus/article_cc951374-2798-11eb-84f5-83158cb032c0.html (last visited 11/17/20). Although the parties debate even the extent of the threat the virus poses to New Orleans: whereas the plaintiffs submit that "[b]ecause of Mardi Gras, New Orleans got hit hard and early...[t]hat has a lot to do with the City's now much lower rates [of infection,]" the Mayor submits that "[t]he total number of active cases in the City and Louisiana is growing at an unsustainable rate which, if not curtailed, could cause the City's hospital system to be overloaded[; i]n fact, the latest national guidance recommends call for increased aggressive mitigation efforts and even limiting all private gatherings to immediate households, a far more restrictive approach than is currently in place."

is premature.[5]  Accordingly, IT IS ORDERED: that the video hearing on the plaintiffs' amended motion for preliminary and permanent injunctive relief is hereby continued to December 16, 2020, at 1:30 p.m., unless otherwise ordered.

IT IS FURTHER ORDERED: that, not later than 5:00 p.m. on December 4, 2020, the parties shall file proposed findings of fact and conclusions of law.  These submissions shall include citations to the record (and thus, the parties must file any affidavits or other evidence supporting facts of consequence in determining whether injunctive relief is warranted) and applicable authorities.

IT IS FURTHER ORDERED: that, not later than 5:00 p.m. on December 11, 2020, the parties shall file a document containing their proposed order of presentation. The document shall include: the name of each expected witness, their title, the topic of their testimony, and the order in which they will be called; a list of all exhibits the parties intend to introduce, and a description of each exhibit, including any objection to the exhibit, the grounds for the objection, and the party by whom the objection is made.

---

[5] For the first time in their reply, the plaintiffs allude to facts that might bear on entitlement to relief; in argument by counsel and not by affidavit, counsel submits that Mr. Sistrunk "will be out of business after all this time with no income if this continues into next year. Until this week, he has not held any events."

IT IS FURTHER ORDERED: that any witness or exhibit not disclosed shall be excluded. Each side shall present only the evidence that is strictly necessary to prove their case. See 28 U.S.C. § 1927. Once the Court considers the supplemental submissions, time limitations will be imposed for any hearing.

New Orleans, Louisiana, November 18, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE