```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

NEW ORLEANS CATERING, INC., ET AL.                CIVIL ACTION

v.                                                NO. 20-3020

LATOYA CANTRELL in her official                   SECTION "F"
capacity as MAYOR OF THE CITY
OF NEW ORLEANS

                           ORDER AND REASONS

Several things have changed in the weeks since this Court issued its March 2, 2021 Order and Reasons denying the plaintiffs' amended motion for preliminary and permanent injunctive relief. The COVID-19 "numbers" in and around New Orleans have decreased, vaccine availability has increased, and certain rules in the Mayor's maze of "emergency" pandemic restrictions have been adjusted accordingly. Two things have remained constant, however: the Constitution and the tiers of constitutional scrutiny that this Court is bound to apply by Supreme Court precedent. For that reason, the plaintiffs' present motion for a new trial is DENIED.

                                    I.

When a state action infringes on purely nonfundamental rights[1] like the rights to cater indoor gatherings, make a living, and

---

[1] For the first time in this litigation, the plaintiffs now argue that the Mayor's restrictions on indoor weddings and similar

1

pursue a lawful trade asserted by the plaintiffs in this case, our constitutional structure[2] and common sense require federal courts to grant broad deference to the elected officials the public has placed in charge.[3]  In that spirit of deference, a federal district court may overturn an executive edict infringing a nonfundamental constitutional right only when it is convinced that there is no rational basis whatsoever for the policy in question – however vehemently it may disagree on the merits.  See, e.g., FCC v. Beach Commc'ns, Inc., 508 U.S. 307, 313 (1993) ("In areas of social and economic policy, a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there

---

gatherings violate their First Amendment rights to assemble and associate.  While those rights could well be fundamental and trigger a much different analysis, they are not properly before the Court on the present motion.  Indeed, where an entirely novel legal theory is not present in the complaint but is injected half-heartedly at a later stage of the proceedings, a trial court has a legal and prudential obligation to disregard such arguments and require formal introduction of such arguments in a new or amended complaint.  Anything less renders full and effective consideration impossible.

[2]   That structure places states, not the federal government, in charge of most health policy. And surely, the "Founding Fathers[']" . . . complete disdain for government by edict by a single executive" would be matched or exceeded by a parallel disdain for government by edict of a single federal judge.  See Mot. at 2.

[3]   Those officials, not federal judges, are politically accountable to citizens like the plaintiffs. And those officials, not federal judges, risk their jobs when their decisions enrage the public without good reason.

2

is *any* reasonably conceivable state of facts that could provide a rational basis for the classification." (emphasis added)).

As detailed in the Court's initial ruling, that is simply not the situation here.  For better or worse, the Mayor continues to articulate a plethora of seemingly rational bases for restricting the kinds of indoor gatherings at issue with greater tightness than other indoor activities.  And although her heavy-handed approach to the plaintiffs' business may become less and less rational by the day, it is certainly not without any basis in reason or logic *whatsoever*.

As a result, the plaintiffs' heated arguments to the contrary are better lodged in the town square or in City Hall than in this Court, which is unwilling and unable to overturn decades of constitutional jurisprudence in refereeing an increasingly familiar tug of war between citizens yearning for liberty and executives implementing pandemic safety measures.

\*   \*   \*

Rule 59 reconsideration "is an extraordinary remedy that should be used sparingly."  <u>Templet v. HydroChem Inc.</u>, 367 F.3d 473, 479 (5th Cir. 2004).  As such, a Rule 59 motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised" as an initial matter.  <u>Id.</u>

Accordingly, because the plaintiffs' motion does not uncover a manifest error of law or fact or newly discovered evidence of legal significance,[4] IT IS ORDERED: that the plaintiffs' motion for a new trial is DENIED.

New Orleans, Louisiana, April 14, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[4]  See, e.g., Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (describing the "narrow purpose" of a Rule 59 motion: namely, to correct manifest error or unveil newly discovered evidence of legal significance).